UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION
_____

RUSSELL HIGDON,

        Plaintiff,

v.

        Case No. 1:23-cv-936

        Hon. Hala Y. Jarbou

GRETCHEN WHITMER, et al.,

        Defendants.
_____/

## OPINION

This is a civil rights action brought by a state prisoner under 42 U.S.C. § 1983. In a separate order, Plaintiff has been granted leave to proceed *in forma pauperis*. Under the Prison Litigation Reform Act, Pub. L. No. 104-134, 110 Stat. 1321 (1996) (PLRA), the Court is required to dismiss any prisoner action brought under federal law if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. §§ 1915(e)(2), 1915A; 42 U.S.C. § 1997e(c). The Court must read Plaintiff's *pro se* complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), and accept Plaintiff's allegations as true, unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). Applying these standards, the Court will dismiss Plaintiff's complaint for failure to state a claim.

## Discussion

### I.   Factual Allegations

Plaintiff is presently incarcerated with the Michigan Department of Corrections (MDOC) at the Bellamy Creek Correctional Facility (IBC) in Ionia, Ionia County, Michigan. The events about which he complains occurred at that facility and the Charles Egeler Reception & Guidance

Center (RGC) in Jackson, Jackson County, Michigan. Plaintiff sues Governor Gretchen Whitmer, Director of the MDOC Heidi Washington, "all medical dept. staff et al. MDOC," Doctor Unknown, Nurse Practitioner Matthew Wideman, Doctor Leoncie Mukarurinda, and Nurse Christine Valentine.[1]

Plaintiff alleges that he has "been denied proper treatment for [his] medical needs," including for his "lower back pain," "right hip pain and popping," "left ankle/heel fracture and deformity needing surgery," and a hernia in Plaintiff's upper abdominal area "which is the size of a coke can." (ECF No. 1, PageID.5.) Plaintiff also alleges that Defendants "improperly" responded to and/or denied Plaintiff's medical kites and requests and denied Plaintiff "proper" medical treatment. (*Id.*, PageID.4–5.) Plaintiff claims that he experiences pain and has "trouble sitting, laying down, sleeping and even sometimes eating certain meals." (*Id.*, PageID.5.) Plaintiff also specifically claims that he informed Defendant Mukarurinda that he was "in serious pain" and that Defendant Mukarurinda pressed on the area of Plaintiff's hernia and told Plaintiff to relax rather than taking Plaintiff to the hospital, which is what Plaintiff believes that he requires. (*Id.*) Plaintiff has been told that there is nothing that can be done for him. (*Id.*, PageID.6.) He worries about his condition and fears that he will die, causing his blood pressure to fluctuate. (*Id.*)

Plaintiff brings claims for violation of his Eighth Amendment rights and seeks compensatory damages and the expungement of his criminal record. (*Id.*)

---

[1] Plaintiff does not list Defendants Doctor Unknown, Wideman, Mukarurinda, and Valentine within the caption of the complaint or in the list of parties. However, because Plaintiff identifies these individuals within the body of his complaint, the Court has liberally construed Plaintiff's complaint to name them as Defendants.

## II.     Failure to State a Claim

A complaint may be dismissed for failure to state a claim if it fails "to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). While a complaint need not contain detailed factual allegations, a plaintiff's allegations must include more than labels and conclusions. *Id.*; *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). The court must determine whether the complaint contains "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 679. Although the plausibility standard is not equivalent to a "'probability requirement,' . . . it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* at 678 (quoting *Twombly*, 550 U.S. at 556). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—that the pleader is entitled to relief." *Id.* at 679 (quoting Fed. R. Civ. P. 8(a)(2)); *see also Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010) (holding that the *Twombly/Iqbal* plausibility standard applies to dismissals of prisoner cases on initial review under 28 U.S.C. §§ 1915A(b)(1) and 1915(e)(2)(B)(ii)).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the federal Constitution or laws and must show that the deprivation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Street v. Corr. Corp. of Am.*, 102 F.3d 810, 814 (6th Cir. 1996). Because § 1983 is a method for vindicating federal rights, not a source of substantive rights itself, the first step in an action under § 1983 is to

3

identify the specific constitutional right allegedly infringed. *Albright v. Oliver*, 510 U.S. 266, 271 (1994).

### A. Official Capacity Claims for Damages

Plaintiff purports to bring claims against Defendants Whitmer and Washington in both their official and individual capacities. (ECF No. 1, PageID.2.) Official-capacity lawsuits "generally represent only another way of pleading an action against an entity of which an officer is an agent." *Kentucky v. Graham*, 473 U.S. 159, 165 (1985) (citing *Monell v. New York City Dept. of Social Services*, 436 U.S. 658, 690, n. 55 (1978)). An official-capacity suit is to be treated as a suit against the entity itself. *Id*. at 166 (citing *Brandon v. Holt*, 469 U.S. 464, 471-72 (1985)); *see also Matthew v. Jones*, 35 F.3d 1046, 1049 (6th Cir. 1994). "Individuals sued in their official capacities stand in the shoes of the entity they represent," and the suit is not against the official personally. *Alkire v. Irving*, 330 F.3d 802, 810 (6th Cir. 2003); *Graham*, 473 U.S. at 165–66.

Regardless of the form of relief requested, the states and their departments are immune under the Eleventh Amendment from suit in the federal courts, unless the state has waived immunity or Congress has expressly abrogated Eleventh Amendment immunity by statute. *See Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 98–101 (1984); *Alabama v. Pugh*, 438 U.S. 781, 782 (1978); *O'Hara v. Wigginton*, 24 F.3d 823, 826 (6th Cir. 1994). Congress has not expressly abrogated Eleventh Amendment immunity by statute, *Quern v. Jordan*, 440 U.S. 332, 341 (1979), and the State of Michigan has not consented to civil rights suits in federal court. *Abick v. Michigan*, 803 F.2d 874, 877 (6th Cir. 1986). In numerous opinions, the Sixth Circuit has specifically held that the MDOC is absolutely immune from a § 1983 suit under the Eleventh Amendment. *See, e.g.*, *Harrison v. Michigan*, 722 F.3d 768, 771 (6th Cir. 2013); *Diaz v. Mich. Dep't of Corr.*, 703 F.3d 956, 962 (6th Cir. 2013); *McCoy v. Michigan*, 369 F. App'x 646, 653–54 (6th Cir. 2010). Therefore, Plaintiff's claims for damages against the State of Michigan, by way

of his claims against Defendant Whitmer in her official capacity, and his claims for damages against the MDOC, by way of his claims against Defendant Washington in her official capacity, are properly dismissed on grounds of immunity.

### B.     Claims for Injunctive Relief

Ordinarily, a suit against an individual in his official capacity is equivalent to a suit brought against the governmental entity. *See Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989); *Matthews v. Jones*, 35 F.3d 1046, 1049 (6th Cir. 1994). Nevertheless, an official-capacity action seeking injunctive relief constitutes an exception to sovereign immunity. *See Ex Parte Young*, 209 U.S. 123, 159–60 (1908) (holding that Eleventh Amendment immunity does not bar prospective injunctive relief against a state official). As the Supreme Court has recognized, a suit under *Ex Parte Young* for prospective injunctive relief is not treated as an action against the state. *Graham*, 473 U.S. at 167 n.14. Instead, the doctrine is a fiction recognizing that unconstitutional acts cannot have been authorized by the state and therefore cannot be considered done under the state's authority. *Id.*

Here, Plaintiff seeks injunctive relief against Defendants, asking that this Court require Defendants to expunge Plaintiff's criminal record and order his immediate release from prison. (ECF No. 1, PageID.6.) While not dismissed on the basis of immunity, these requests constitute a challenge to the fact or duration of confinement, which should be brought as a petition for habeas corpus; it is not the proper subject of a civil rights action brought pursuant to § 1983. *See Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973) (discussing that the essence of habeas corpus is an attack by a person in custody upon the legality of that custody and the traditional function of the writ is to secure release from illegal custody). Because Plaintiff's requests for equitable relief challenge the fact of his incarceration, he cannot seek such relief in his § 1983 action. *See Adams v. Morris*, 90 F. App'x 856, 858 (6th Cir. 2004) (concluding that dismissal is appropriate where § 1983 action

5

seeks equitable relief and challenges fact or duration of confinement); *see also Moore v. Pemberton*, 110 F.3d 22, 23–24 (7th Cir. 1997) (discussing that the reasons for not construing a § 1983 action as one seeking habeas relief include (1) potential application of *Heck v. Humphrey*, 512 U.S. 477 (1994), (2) differing defendants, (3) differing standards of § 1915(a)(3) and § 2253(c), (4) differing fee requirements, and (5) potential application of second or successive petition doctrine or three-strikes rules of § 1915(g)). The Court, therefore, will dismiss Plaintiff's claims for injunctive relief.

## C. Individual Capacity Claims Against Defendants Whitmer and Washington

In his complaint, Plaintiff names Governor Whitmer and MDOC Director Washington as Defendants, but fails to make a single factual allegation against either individual. It is a basic pleading essential that a plaintiff attribute factual allegations to particular defendants. *See Twombly*, 550 U.S. at 544 (holding that, in order to state a claim, a plaintiff must make sufficient allegations to give a defendant fair notice of the claim). The Sixth Circuit "has consistently held that damage claims against government officials arising from alleged violations of constitutional rights must allege, with particularity, facts that demonstrate what each defendant did to violate the asserted constitutional right." *Lanman v. Hinson*, 529 F.3d 673, 684 (6th Cir. 2008) (citing *Terrance v. Northville Reg'l Psych. Hosp.*, 286 F.3d 834, 842 (6th Cir. 2002)). Where a person is named as a defendant without an allegation of specific conduct, the complaint is subject to dismissal, even under the liberal construction afforded to *pro se* complaints. *See Frazier v. Michigan*, 41 F. App'x 762, 764 (6th Cir. 2002) (dismissing the plaintiff's claims where the complaint did not allege with any degree of specificity which of the named defendants were personally involved in or responsible for each alleged violation of rights); *Griffin v. Montgomery*, No. 00-3402, 2000 WL 1800569, at *2 (6th Cir. Nov. 30, 2000) (requiring allegations of personal involvement against each defendant) (citing *Salehpour v. Univ. of Tenn.*, 159 F.3d 199, 206 (6th

6

Cir. 1998)); *Rodriguez v. Jabe*, No. 90-1010, 1990 WL 82722, at *1 (6th Cir. June 19, 1990) ("Plaintiff's claims against those individuals are without a basis in law as the complaint is totally devoid of allegations as to them which would suggest their involvement in the events leading to his injuries."). Plaintiff fails to even mention Defendants Whitmer and Washington in the body of his complaint. Therefore, his allegations fall far short of the minimal pleading standards under Fed. R. Civ. P. 8, which requires "a short and plain statement of the claim showing that the pleader is entitled to relief."

To the extent that that Plaintiff seeks to bring claims against Defendants Whitmer and Washington for each Defendant's alleged role in supervising the operations of the MDOC and, specifically, the medical care provided to prisoners at the RGC and IBC facilities, his claims likewise fail. Government officials may not be held liable for the unconstitutional conduct of their subordinates under a theory of respondeat superior or vicarious liability. *Iqbal*, 556 U.S. at 676; *Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 658, 691(1978); *Everson v. Leis*, 556 F.3d 484, 495 (6th Cir. 2009). A claimed constitutional violation must be based upon active unconstitutional behavior. *Grinter v. Knight*, 532 F.3d 567, 575–76 (6th Cir. 2008); *Greene v. Barber*, 310 F.3d 889, 899 (6th Cir. 2002). The acts of one's subordinates are not enough, nor can supervisory liability be based upon the mere failure to act. *Grinter*, 532 F.3d at 576; *Greene*, 310 F.3d at 899; *Summers v. Leis*, 368 F.3d 881, 888 (6th Cir. 2004). Moreover, § 1983 liability may not be imposed simply because a supervisor denied an administrative grievance or failed to act based upon information contained in a grievance. *See Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir. 1999). "[A] plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Iqbal*, 556 U.S. at 676.

The Sixth Circuit repeatedly has summarized the minimum required to constitute active conduct by a supervisory official:

> "[A] supervisory official's failure to supervise, control or train the offending individual is not actionable *unless* the supervisor either encouraged the specific incident of misconduct or in some other way directly participated in it." *Shehee*, 199 F.3d at 300 (emphasis added) (internal quotation marks omitted). We have interpreted this standard to mean that "at a minimum," the plaintiff must show that the defendant "at least implicitly authorized, approved, or knowingly acquiesced in the unconstitutional conduct of the offending officers."

*Peatross v. City of Memphis*, 818 F.3d 233, 242 (6th Cir. 2016) (quoting *Shehee*, 199 F.3d at 300, and citing *Phillips v. Roane Cnty.*, 534 F.3d 531, 543 (6th Cir. 2008)); *see also Copeland v. Machulis*, 57 F.3d 476, 481 (6th Cir. 1995) (citing *Rizzo v. Goode*, 423 U.S. 362, 375–76 (1976), and *Bellamy v. Bradley*, 729 F.2d 416, 421 (6th Cir. 1984)); *Walton v. City of Southfield*, 995 F.2d 1331, 1340 (6th Cir. 1993); *Leach v. Shelby Cnty. Sheriff*, 891 F.2d 1241, 1246 (6th Cir. 1989).

Plaintiff fails to allege any facts showing that Defendants Whitmer and Washington encouraged or condoned the conduct of their subordinates, or authorized, approved or knowingly acquiesced in the conduct alleged in the complaint. Accordingly, the Court will dismiss Plaintiff's claims against Defendants Whitmer and Washington.

### D.       Claims Against "All Medical Dept. Staff et al. MDOC," Unknown RGC Doctor, Nurse Practitioner Matthew Wideman, and Nurse Christine Valentine

Plaintiff also names as a Defendant "all medical dept. staff et al. MDOC." (ECF No. 1, PageID.2.) He further mentions within his "affidavit in support of complaint" Defendants Unknown Doctor, Wideman, and Valentine. (*Id.*, PageID.4.) However, Plaintiff as discussed above, it is Plaintiff's obligation to allege facts that would show what each individual Defendant did to violate Plaintiff's constitutional rights. *Lanman*, 529 F.3d at 684. Plaintiff has not met this minimal burden.

8

Plaintiff alleges only that Defendants generally failed to respond to Plaintiff kites and requests and denied Plaintiff proper medical treatment at two separate facilities for various medical conditions. However, "[s]ummary reference to a single, five-headed 'Defendants' does not support a reasonable inference that each Defendant is liable for [the alleged denial of medical care]." *Boxill v. O'Grady*, 935 F.3d 510, 518 (6th Cir. 2019) (citing *Heyne v. Metro. Nashville Pub. Sch.*, 655 F.3d 556, 564 (6th Cir. 2011)). Making allegations against all medical staff and against the named Defendants as a single amorphous group fails to set forth any cognizable claim for relief against any individual Defendant. *See Gilmore v. Corr. Corp. of Am.*, 92 F. App'x 188, 190 (6th Cir. 2004) (dismissing complaint where plaintiff failed to allege how any named defendant was involved in the violation of his rights). Accordingly, the Court will dismiss Plaintiff's complaint against "all medical dept. staff et al. MDOC" and Defendants Unknown Doctor, Wideman, and Valentine.

E.   **Claim Against Defendant Mukarurinda**

Finally, Plaintiff alleges that he was seen by Defendant Mukarurinda in person on one occasion while incarcerated at IBC. (ECF No. 1, PageID.5.) He alleges that he informed Defendant Mukarurinda that he was in "serious pain," and that Defendant Mukarurinda pressed on the "petrusion [sic] of [Plaintiff's] hernia" and instructed Plaintiff to relax. (*Id.*, PageID.5.) It appears that Defendant Mukarurinda told Plaintiff that nothing more could be done. (*Id.*, PageID.6.)

The Eighth Amendment prohibits the infliction of cruel and unusual punishment against those convicted of crimes. U.S. Const. amend. VIII. It obligates jail authorities to provide medical care to incarcerated individuals, as a failure to provide such care would be inconsistent with contemporary standards of decency. *Estelle v. Gamble*, 429 U.S. 97, 103–04 (1976). The Eighth Amendment is violated when a jail official is deliberately indifferent to the serious medical needs of an inmate. *Id.* at 104–05; *Comstock v. McCrary*, 273 F.3d 693, 702 (6th Cir. 2001).

A viable claim for the deprivation of adequate medical care has an objective and a subjective component. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). To satisfy the objective component, the plaintiff must allege that the medical need at issue is sufficiently serious. *Id.* In other words, the inmate must show that he is incarcerated under conditions posing a substantial risk of serious harm. *Id.* "Because society does not expect that prisoners will have unqualified access to health care, deliberate indifference to medical needs amounts to an Eighth Amendment violation only if those needs are 'serious.'" *Hudson v. McMillian*, 503 U.S. 1, 9 (1992).

The subjective component requires an inmate to show that prison officials have "a sufficiently culpable state of mind" in denying medical care. *Brown v. Bargery*, 207 F.3d 863, 867 (6th Cir. 2000). Deliberate indifference "entails something more than mere negligence," but can be "satisfied by something less than acts or omissions for the very purpose of causing harm or with knowledge that harm will result." *Farmer*, 511 U.S. at 835. "[T]he official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Id.* at 837. To prove a defendant's subjective knowledge, "[a] plaintiff may rely on circumstantial evidence . . .: A jury is entitled to 'conclude that a prison official knew of a substantial risk from the very fact that the risk was obvious.'" *Rhinehart v. Scutt*, 894 F.3d 721, 738 (6th Cir. 2018) (quoting *Farmer*, 511 U.S. at 842).

However, not every claim by a prisoner that he has received inadequate medical treatment states a violation of the Eighth Amendment. *Estelle*, 429 U.S. at 105. As the Supreme Court explained:

> [A]n inadvertent failure to provide adequate medical care cannot be said to constitute an unnecessary and wanton infliction of pain or to be repugnant to the conscience of mankind. Thus, a complaint that a physician has been negligent in diagnosing or treating a medical condition does not state a valid claim of medical mistreatment under the Eighth Amendment. Medical malpractice does not become a constitutional violation merely because the victim is a prisoner. In order to state

10

> a cognizable claim, a prisoner must allege acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs.

*Id.* at 105–06 (quotations omitted). Thus, differences in judgment between an inmate and medical personnel regarding the appropriate medical diagnoses or treatment are not enough to state a deliberate indifference claim. *Darrah v. Krisher*, 865 F.3d 361, 372 (6th Cir. 2017); *Briggs v. Westcomb*, 801 F. App'x 956, 959 (6th Cir. 2020); *Mitchell v. Hininger*, 553 F. App'x 602, 605 (2014). This is so even if the misdiagnosis results in an inadequate course of treatment and considerable suffering. *Gabehart v. Chapleau*, No. 96-5050, 1997 WL 160322, at *2 (6th Cir. Apr. 4, 1997).

The Sixth Circuit distinguishes "between cases where the complaint alleges a complete denial of medical care and those cases where the claim is that a prisoner received inadequate medical treatment." *Westlake v. Lucas*, 537 F.2d 857, 860 n.5 (6th Cir. 1976). If "a prisoner has received some medical attention and the dispute is over the adequacy of the treatment, federal courts are generally reluctant to second guess medical judgments and to constitutionalize claims which sound in state tort law." *Id.*; *see also Rouster*, 749 F.3d at 448; *Perez v. Oakland Cnty.*, 466 F.3d 416, 434 (6th Cir. 2006); *Kellerman v. Simpson*, 258 F. App'x 720, 727 (6th Cir. 2007); *McFarland v. Austin*, 196 F. App'x 410 (6th Cir. 2006); *Edmonds v. Horton*, 113 F. App'x 62, 65 (6th Cir. 2004); *Brock v. Crall*, 8 F. App'x 439, 440–41 (6th Cir. 2001); *Berryman v. Rieger*, 150 F.3d 561, 566 (6th Cir. 1998). "Where the claimant received treatment for his condition, . . .he must show that his treatment was 'so woefully inadequate as to amount to no treatment at all.'" *Mitchell*, 553 F. App'x at 605 (quoting *Alspaugh v. McConnell*, 643 F.3d 162, 169 (6th Cir. 2011)). The prisoner must demonstrate that the care the prisoner received was "so grossly incompetent, inadequate, or excessive as to shock the conscience or to be intolerable to fundamental fairness."

*See Miller v. Calhoun Cnty.*, 408 F.3d 803, 819 (6th Cir. 2005) (quoting *Waldrop v. Evans*, 871 F.2d 1030, 1033 (11th Cir. 1989)).

Plaintiff provides very little factual allegations regarding the nature of his hernia. He alleges that the hernia is located in the upper part of Plaintiff's abdomen and causes Plaintiff significant pain. For purposes of this preliminary review, the Court assumes without deciding that Plaintiff's hernia constitutes a serious medical need. However, even if Plaintiff's allegations suffice with regard to the objective prong of his claim, they fall short with respect to the subjective prong.

Plaintiff alleges that he has received at least some medical treatment for his hernia, having been examined in person by Defendant Mukarurinda on one occasion. He also alleges that Defendants responded to Plaintiff's medical needs *improperly* and denied Plaintiff *proper* medical treatment (ECF No. 1, PageID.5–6), indicating that medical staff generally have evaluated Plaintiff and made one or more determinations regarding Plaintiff's need for medical treatment. Despite Defendant Mukarurinda's examination of Plaintiff's hernia and decision that nothing more could be done to provide relief, Plaintiff insists, in a conclusory fashion, that he needs surgery, and that Defendant Mukarurinda's denial of surgery is unreasonable. However, Plaintiff provides this Court with no *facts* that would plausibly suggest that Plaintiff's hernia in fact requires surgical intervention such that it could be said that Defendant Mukarurinda's decision to deny surgery constitutes care "so grossly incompetent, inadequate, or excessive as to shock the conscience or to be intolerable to fundamental fairness." *See Miller*, 408 F.3d at 819. Plaintiff has also not alleged any facts to suggest that Defendant Mukarurinda was made aware of Plaintiff's continuing issues with his hernia, that Defendant Mukarurinda was aware that Plaintiff's hernia would not otherwise

resolve on its own without surgical intervention, or that Defendant Mukarurinda was otherwise involved in Plaintiff's care outside of this one in-person examination.

Based upon these allegations, it is clear that Plaintiff disagrees with Defendant Mukarurinda's treatment decision; however, "a patient's disagreement with his physicians over the proper course of treatment alleges, at most, a medical-malpractice claim, which is not cognizable under § 1983." *Darrah*, 865 F.3d at 372 (citations omitted); *Mitchell*, 553 F. App'x at 605 ("[A] desire for additional or different treatment does not suffice by itself to support an Eighth Amendment claim." (citations omitted)). Courts have determined that a physician's decision to treat a prisoner's hernia, including the decision to perform corrective surgery, is a classic example of a matter of medical judgment which does not give rise to a federal constitutional violation. *See, e.g.*, *Winslow v. Prison Health Services*, 406 Fed. Appx. 671 (3rd Cir. 2011) (finding that prison doctors did not act with deliberate indifference to prisoner's medical needs by deciding to forego surgery in treatment of prisoner's hernia, even though doctors considered the cost of the procedure in declining surgery, where the prisoner's hernia was not strangulated or incarcerated and the doctor stated that the standard treatment for an inguinal hernia was non-surgical, and that with proper treatment the hernia could heal without surgical intervention); *Palazon v. Secretary for Department of Corrections*, 361 Fed. Appx. 88, 89–90 (11th Cir. 2010) (concluding that where medical records indicated that a prisoner's hernia was treatable without surgery, defendant state prison officials were not deliberately indifferent for making decision not to perform surgery; this case presented a classic "matter of medical judgment" which is not an appropriate basis for a federal Eighth Amendment claim).

Plaintiff's conclusory allegation that he believes that surgery is required to treat his hernia where Defendant Mukarurinda determined that it was not, is insufficient to give rise to an Eighth

13

Amendment claim of deliberate indifference. Accordingly, while nothing in this opinion prevents Plaintiff from bringing a medical malpractice claim in state court, because Plaintiff has failed to allege facts showing that Defendant Mukarurinda was deliberately indifferent to Plaintiff's serious medical need, his Eighth Amendment claim is properly dismissed.

## Conclusion

Having conducted the review required by the Prison Litigation Reform Act, the Court determines that Plaintiff's complaint will be dismissed for failure to state a claim, under 28 U.S.C. §§ 1915(e)(2) and 1915A(b), and 42 U.S.C. § 1997e(c). The Court must next decide whether an appeal of this action would be in good faith within the meaning of 28 U.S.C. § 1915(a)(3). *See McGore v. Wrigglesworth*, 114 F.3d 601, 611 (6th Cir. 1997). Although the Court concludes that Plaintiff's claims are properly dismissed, the Court does not conclude that any issue Plaintiff might raise on appeal would be frivolous. *Coppedge v. United States*, 369 U.S. 438, 445 (1962). Accordingly, the Court does not certify that an appeal would not be taken in good faith. Should Plaintiff appeal this decision, the Court will assess the $505.00 appellate filing fee pursuant to § 1915(b)(1), *see McGore*, 114 F.3d at 610–11, unless Plaintiff is barred from proceeding *in forma pauperis*, *e.g.*, by the "three-strikes" rule of § 1915(g). If he is barred, he will be required to pay the $505.00 appellate filing fee in one lump sum.

This is a dismissal as described by 28 U.S.C. § 1915(g).

A judgment consistent with this opinion will be entered.

Dated: October 4, 2023                    /s/ Hala Y. Jarbou
                                          HALA Y. JARBOU
                                          CHIEF UNITED STATES DISTRICT JUDGE